IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN A. LANGFORD,<br>Plaintiff,<br>vs.<br>WILLIAM R. HODDE,<br>Defendant. | **8:26CV557**<br>**ORDER** |

This matter comes before the court on Plaintiff's Motion for Leave to Take Expedited Discovery. (Filing No. 3, Filing No. 3-1). She asks the court to authorize service of a third-party subpoena duces tecum on Meta Platforms, Inc. under Federal Rule of Civil Procedure 45 before the parties conduct their Rule 26(f) conference. (Filing No. 3, at pp. 1-2). She seeks records associated with Defendant's Facebook page, which she believes Defendant has partially deleted after she reported his conduct to the Omaha Police Department, and which she fears Meta will permanently purge before discovery would ordinarily begin. (Filing No. 3, at p. 2).

Plaintiff, who is proceeding *pro se*, filed this action on September 21, 2026. She asserts claims for copyright infringement and related state-law torts arising from Defendant's posts on his Facebook page. (Filing No. 1). Plaintiff served Defendant on September 22, 2026. (Filing No. 7). She then moved for leave to obtain an amended summons, and the court granted the motion and directed her to serve Defendant with the amended summons. (Filing No. 8, Filing No. 9). The Clerk issued the amended summons on October 2, 2026, but Plaintiff has not yet filed proof that she served it on Defendant. (Filing No. 10). Defendant has not appeared or responded to the complaint.

Fed. R. Civ. P. 26(d)(1) provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f). The rule is subject to limited exceptions, including a court order permitting discovery. Courts in this circuit evaluate requests for expedited discovery under a good-cause standard. *See Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008); *Wachovia Sec., L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008); *Road Safety Servs., Inc. v. Gilbertson*, 2026 WL 836656, at *21 (D. Neb. Mar. 26, 2026). Under that standard, the court balances "the need for expedited discovery, in the administration of justice, against the prejudice to the responding party," considering "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Wachovia*, 571 F. Supp. 2d at 1050. The requested discovery must also be proportional to the needs of the case and narrowly tailored to the circumstances that purportedly warrant expedited discovery. *See* Fed. R. Civ. P. 26(b)(1); *Wachovia*, 571 F. Supp. 2d at 1050 (*discussing Monsanto*, 250 F.R.D. at 413).

Plaintiff argues that good cause exists because the evidence she seeks is in imminent danger of deletion. She contends that Defendant deleted or hid posts on or about June 4, 2026, and that Meta permanently purges deleted content and metadata approximately ninety (90) days after deletion unless an external preservation legal hold or third-party subpoena is executed. (Filing No. 3, at pp. 1-2). Courts have found good cause where "the passage of time alone could make it impossible to collect relevant evidence." *Monsanto*, 250 F.R.D. at 413. But Plaintiff offers no evidence of Meta's retention practices, and even accepting her assertion, her own timeline defeats her argument. Ninety days after June 4, 2026, was September 2, 2026, nearly three weeks before she filed this action and this motion. If Meta purges deleted content after ninety days, Meta purged the posts before she filed, and a subpoena now cannot recover them. If, instead, Meta still has the posts, then her ninety-day premise is wrong, and nothing in the record suggests Meta will delete them soon. To the contrary, Plaintiff represents that the Omaha Police Department has already asked Meta to preserve records for the account, which further reduces any risk of loss.

(Filing No. 3, at p. 2; *see* Filing No. 1, at pp. 49-50). And unlike the plaintiffs in *Monsanto*, who asked the defendant for the relevant records both before and after filing suit, Plaintiff has not indicated she tried to obtain or preserve the evidence through Defendant. *See Monsanto*, 250 F.R.D. at 412-13. Plaintiff therefore has not shown that expedited discovery is necessary to prevent an imminent loss of evidence.

Plaintiff's request also is not narrowly tailored to the need she identifies. Her only stated reason for expedited discovery is to preserve posts that Defendant allegedly deleted, and her motion accordingly describes the request as limited to deleted video assets, post metadata, and viewer comment logs. (Filing No. 3, at p. 2). Her proposed order asks for much more: all uploaded content on the account, whether deleted or not, along with the account's registration IP address, every session timestamp, browser and device identifiers, email addresses, telephone numbers, and billing and payment-instrument information. (Filing No. 3, at p. 5). None of these additional categories bears on preserving deleted posts. Plaintiff does not need them to identify Defendant, whose identity she already knows, and she offers no other reason she needs them before the parties conduct their Rule 26(f) conference. The proposed subpoena therefore is not narrowly tailored to the circumstances she relies on to justify expedited discovery.

Expedited discovery remains the exception, not the rule. Because Plaintiff has not shown that the requested discovery will preserve evidence facing imminent loss, or that the proposed subpoena is narrowly tailored to her stated needs, she has not shown good cause to depart from the ordinary discovery schedule.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Leave to Take Expedited Discovery is denied without prejudice. (Filing No. 3).

Dated this 6th day of October, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge